STATE OF MAINE　　　　　　　　　　　SUPERIOR COURT
PENOBSCOT, SS.　　　　　　　　　　　Docket No. CV-02-54



FILED & ENTERED
SUPERIOR COURT

) 　APR 0  2003
)
PENOBSCOT COUNTY

TAMMY NYLUND,　　　　　　　）
　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　）
　　　v.　　　　　　　　　　　） 　　**ORDER ON MOTION**
　　　　　　　　　　　　　　　） 　**FOR SUMMARY JUDGMENT**
　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　）
REGGIE LEE BUTLER,　　　　　）
　　　　Defendant.　　　　　　）

DONALD L. GARBRECHT
LAW LIBRARY

APR 10 2003

The Plaintiff and Defendant are the natural parents of Anthony Lee Butler, a minor who died as the result of a motor vehicle accident involving an uninsured driver on June 1, 2000. At the time of the accident, the parties were divorced - their divorce was finalized ten years earlier in March, 1990. The Plaintiff married Harold Nylund in June, 1996. The Plaintiff was living in Glenburn, Maine, with her husband (Harold) and her son (Anthony) at the time of the accident. The Defendant resided in Tellico Plains, Tennessee.

Harold Nylund procured an automobile insurance policy from C.U. York Insurance which provided a standard uninsured motorist coverage provision. Anthony is considered an insured under the terms of the policy.

After Anthony's death, the Plaintiff was duly appointed as the Personal Representative of his estate. In that capacity, Plaintiff pursed a wrongful death claim against the uninsured motorist coverage of the insurance policy. The parties agreed upon a $90,000 settlement, but have not agreed upon what portion, if any, is to be distributed to the Defendant. The settlement funds are currently on deposit in an attorney's trust account.

A review of the law leads to only one result: the proceeds of the wrongful death must be distributed pursuant to 18-A MRSA §2-106. In other words, Defendant is entitled to one half of the proceeds.

To the casual observer, this may seem an unjust result. After all, Defendant did not procure the insurance. Neither did he make any payment against it. Indeed, there are suggestions in the pleadings that he has been remiss in his child support obligation. It does not seem fair that he should receive a windfallwhere he has made no contribution. The rationale for this situation is found in the following facts:

Uninsured motorist coverage is, in practical fact, insurance that a person obtains to cover all those drivers out there who did not obtain their own coverage. Thus, if you are hit by one of these characters, he "has" insurance that you can claim on - he has it because you bought it. [IMPORTANT NOTE: it is the insured person who is injured (or their estate) who has the right to recover - not the person who purchased the coverage! Indeed, the purchaser has no particular rights in a lawsuit or claim commenced by the injured person.]

In the instant matter, the Foleys "had" insurance by virtue of Harold Nylund's policy. The Estate of Anthony Butler can sue or claim against the Foleys (as it has done) and recover damages as allowed by the Wrongful Death Act. Harold Nylund has no role in this process. Reggie Butler is an heir at law of Anthony Butler.

If the Foleys had their own insurance, and the Estate recovered a judgment against them, the proceeds would be distributed according to law - equally to the natural parents. This circumstance does not change simply because the insurance the Foleys "had" was uninsured motorist coverage. As the settlement funds are estate assets, distribution is governed by the intestate distribution laws of the state

Accordingly, summary judgment on this issue is rendered in favor of the Defendant.

**The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).**

Dated: April 1, 2003

_____
JUSTICE, SUPERIOR COURT
Andrew M. Mead

TAMMY NYLUND  - PLAINTIFF
1103 PUSHAW RD
GLENBURN ME 04401
Attorney for: TAMMY NYLUND
J HILARY BILLINGS
BILLINGS & SILVERSTEIN
6 STATE STREET, SUITE 605
PO BOX 1445
BANGOR ME 04402-1445

SUPERIOR CCURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00054


vs
REGGIE LEE BUTLER  - DEFENDANT
147 HOTWATER RD
TELLICO PLAINS TN
Attorney for: REGGIE LEE BUTLER
EUGENE COUGHLIN
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 03/19/2002

## Docket Events:

03/20/2002 FILING DOCUMENT - COMPLAINT FILED ON 03/19/2002


03/20/2002 ATTORNEY - RETAINED ENTERED ON 03/19/2002


03/20/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 03/19/2002
           TO ATTORNEY FOR THE PLAINTIFF.


03/25/2002 Party(s):  REGGIE LEE BUTLER
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 03/21/2002


03/25/2002 ATTORNEY - RETAINED ENTERED ON 03/21/2002


03/25/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/25/2002
           ANDREW M MEAD , JUSTICE


03/25/2002 ORDER - SCHEDULING ORDER ENTERED ON 03/25/2002
           ANDREW M MEAD , JUSTICE
           THE ENTRY WILL BE:  SCHEDULING ORDER FILED.  DISCOVERY DEADLINE IS DECEMBER 1, 2002.
           PARTIES TO SELECT ADR PROCESS AND NEUTRAL.  COPY FORWARDED TO ALL ATTORNEYS OF RECORD.


05/28/2002 Party(s):  TAMMY NYLUND
           ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 05/28/2002
           LETTER RECEIVED BY J. HILARY BILLINGS; PARTIES HAVE AGREED TO USE MEDIATION WITH KEVIN
           CUDDY AS MEDIATOR.  MEDIATION SCHEDULED BETWEEN JULY 1 AND 23, 2002.


06/18/2002 Party(s):  TAMMY NYLUND, REGGIE LEE BUTLER
           MOTION - MOTION TO WAIVE ADR FILED ON 06/17/2002
           JOINT MOTION FOR WAIVER OF ALTERNATIVE DISPUTE RESOLUTION CONFERENCE.